***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

On respondent's motion to dismiss filed October 20, submitted October 25, 2022;
appeal dismissed January 5, 2023

In the Matter of M. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. A.,
*Appellant.*

Washington County Circuit Court
21JU05241; A178548

Thomas A. Goldman, Judge pro tempore.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Appeal dismissed.

**MOONEY, J.**

Father appeals from the judgment of jurisdiction by which the juvenile court determined that his daughter, M, was within the jurisdiction of the court, ORS 419B.100(1), and made her the court's ward, ORS 419B.328.

After the appellate briefing was complete, but before submission, the juvenile court dismissed jurisdiction and terminated wardship. The Department of Human Services (DHS) then filed its motion to dismiss this appeal arguing that termination of jurisdiction over M and dismissal of the dependency case renders this appeal moot. Father filed a responsive memorandum opposing dismissal, arguing that the underlying judgment of jurisdiction has continuing practical effects and collateral consequences for him notwithstanding that jurisdiction has been dismissed.

We turn first to DHS's motion to dismiss because if dismissal of the jurisdictional judgment renders this appeal moot, then we would be obliged to dismiss it. DHS argues in its motion that the "challenged judgment would have no further practical effect on the rights of the parties because any potential disadvantage or stigmatization is not obvious." Father disagrees. He filed a response to the motion and asserts that "the underlying jurisdiction judgment has continuing practical effects and collateral consequences," and that the appeal is, therefore, not moot. Quoting extensively from our opinion in *Dept. of Human Services v. C. A. M.*, 294 Or App 605, 432 P3d 1175 (2018), father urges us to "focus[] on the specific nature of the allegations that formed the basis for jurisdiction." In particular, father notes that the jurisdictional basis pertaining to his conduct is that he "'engaged in a pattern of domestic violence in the presence of the child.'" He argues that if his appeal is dismissed as moot, the jurisdictional finding would be subject to judicial notice and could be relied upon by the state in a future dependency case or by mother in a custody case. He also argues that the judgment is stigmatizing because it permits an "inference that father engaged in a pattern of physically abusive conduct towards a member of his household in the presence of his child."

The juvenile court terminated jurisdiction at the conclusion of a permanency hearing. The court made findings that both mother and father were "involved" in the dependency proceeding and that they had each made "sufficient progress toward meeting the expectations" of the case plan to dismiss jurisdiction. The court also concluded that "[n]o further review was necessary," and it dismissed DHS custody and juvenile court wardship of M.

We do not presume that dismissal of the judgment being appealed necessarily renders the appeal of that judgment moot. "To the contrary, the party moving for dismissal has the burden to establish that a case is moot." *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018). DHS, as the moving party here, has the burden to establish mootness and that burden includes showing that the decision being appealed—the juvenile court's decision to assert dependency jurisdiction over M—"will have no further practical effect on the rights of the parties." *Id.* To meet its burden, DHS is not required to "imagine all potential" effects of the jurisdictional judgment. *Id.* It is also not required to prove the "nonexistence" of any such potential effects. *Id.* Instead, it is up to the appellant parent to identify the practical effects or consequences that they believe they will face as a result of the underlying jurisdictional decision. *Id.* In the final analysis, DHS retains the burden of persuasion on its motion, and "[i]t must demonstrate that the effects or consequences that the parent identifies are either legally insufficient or factually incorrect." *Id.*

Whether the jurisdictional judgment may potentially prejudice father in future cases, or whether the stigma associated with the proven allegation in this case—that father engaged in domestic violence in the presence of M—is "sufficient to prevent [this] case from being moot must be addressed on" the facts of this case. *C. A. M.*, 294 Or App at 613. After the Supreme Court set forth the basic framework for analyzing claims of mootness in dependency cases in *A. B.*, we have issued opinions that reflect a continuum of stigma running from *C. A. M.*, where the facts clearly established practical effects sufficient to defeat a claim of mootness, to *Dept. of Human Services v. L. C.*, 303 Or App

37, 462 P3d 323 (2020), where the facts were not sufficient, and we affirmed dismissal because the appeal was moot.

We recently addressed the question of mootness in *Dept. of Human Services v. T. B.-L.*, 320 Or App 434, 514 P3d 131 (2022), an appeal from a jurisdictional judgment based on the parents' "'volatile and/or unsafe'" relationship, but we did so only "briefly," and we denied the motion to dismiss stating that we did so "[c]ognizant of the collateral consequences identified by father." 320 Or App at 436, 440. We did not attempt to distinguish our decision in *T. B.-L.* from that of *L. C.* where we grappled in earnest with the question of mootness. We note also that in *T. B.-L.*, we relied upon *Dept. of Human Services v. P. D.*, 368 Or 627, 496 P3d 1029 (2021), but the mootness decision in *P. D.* was based at least in part on DHS's concession that "it would be unable to prove that the existence of an Oregon judgment would not have collateral consequences in a future domestic relations or dependency proceeding in California." 368 Or at 632. Additionally, the court also observed that "California appellate courts have concluded that assertions of prejudice of the type that mother has identified in this case are sufficient to overcome an assertion of mootness." *Id.* But neither we nor the Supreme Court has concluded that stigma or prejudice alone would overcome an allegation of mootness under Oregon law. Instead, we decide the question of mootness on the facts of each case, utilizing the framework set forth in *A. B.*, and guided by the way in which we have treated other fact-patterns on the same question using the *A. B.* framework.

We think that this case is much more like *L. C.* than it is like *C. A. M.* We concluded that in *C. A. M.*, where the judgment permitted an inference that the mother could have intervened to prevent the death of her child, but did not do so, the appeal was not moot. 294 Or App at 607. In *L. C.*, where the judgment permitted an inference that one parent physically abused the child and that the other parent failed to protect the child from the abusive parent, we concluded that the appeal was moot. 303 Or App at 39. Here, the judgment would permit an inference that father engaged in domestic violence in the child's presence which is certainly

less serious than the facts of *C. A. M.* and closer to the facts of *L. C.*

We do not intend to minimize father's concern about the domestic abuse finding on which jurisdiction was based. But the Supreme Court has stopped short of holding that the potential of stigma or prejudice at any level is sufficient to defeat an assertion of mootness. The nature of the domestic violence allegation underlying the judgment here leads us to conclude that the appeal is moot.

Appeal dismissed.